UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  16-CIV-24012-GAYLES
          (15-CR-20249-GAYLES)
          MAGISTRATE JUDGE P.A. WHITE

ANTHONY FERNANDEZ,              :

        Movant,                :

v.                             :        <u>REPORT OF</u>
                                        <u>MAGISTRATE JUDGE</u>
UNITED STATES OF AMERICA,       :

        Respondent.            :
_____

<u>Introduction</u>

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence entered in Case No. 15-CR-20249-GAYLES.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed the motion (CV-DE#1), the government's response (CV-DE#7), and all pertinent portions of the underlying criminal file.

<u>Claims</u>

<u>Ground One:</u> Movant's guilty plea was unknowing and involuntary because he was unaware of the true nature of the crime.

<u>Ground Two:</u> Due process violation when the trial court failed to recognize that the ethylane guideline is not rationally related to the drug's relation to other drugs and the evidence of quantity is unreliable.

<u>Ground Three:</u> Ineffective assistance of counsel in failing to advise Movant of the consequences of not appealing.

1

Movant was charged with attempting to possess with intent to distribute a controlled substance, that is, ethylone, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 (Counts 1 and 2); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3) (CR-DE#10). Movant later entered his plea of guilty to Counts 1 and 3 of the Indictment pursuant to a written plea agreement. (CR-DE#22).

In the plea agreement, Movant acknowledged his understanding that the Court could impose a statutory maximum of 20 years as to Count 1 and a maximum of life as to Count 3. Further, Movant acknowledged that the term of imprisonment imposed for Count 3 had to be run consecutive to any sentence imposed for Count 1 and that he was subject to a maximum fine of $1,000,000 as to Count 1 and $250,000 as to Count 3, as well as supervised release of up to five years and a special assessment of $100 per count of conviction. Movant also acknowledged that he understood how the United States Sentencing Guidelines applied to his case and that any estimate provided to him as to his sentence is merely that – an estimate – and that the Court was not bound by the parties' plea agreement. He also d. The Defendant further agreed to forfeit to the United States two firearms and $14,700 in United States currency seized from him on the day of his arrest.

Movant appeared for his change-of-plea hearing on June 22, 2015, at which time the district court conducted a full plea colloquy. (See CV-DE#7, Exhibit F). At the hearing, Movant stated that he had a partial college education, that he was not under the influence of any alcohol, narcotics, or medication, and that he has never suffered from any mental illness (Id. at 4). The Court then reviewed the plea agreement with Movant after verifying that Movant read and understood the plea agreement and that Movant had enough

time to speak with his attorney about everything contained in the agreement (Id. at 5). The Court then explained to Movant that, by pleading guilty, he was giving up valuable rights, including the right to trial, the right to be represented by his attorney, the right to cross-examine the government's witnesses, and the right to call his own witnesses (Id. at 8). Furthermore, the Court advised Movant of his right to remain silent and to appeal any adverse ruling entered against him (Id. at 8-9). Movant stated that he understood all those rights (Id. at 9) and agreed to waive those rights by pleading guilty (Id.). After explaining the potential immigration consequences of the plea, the Court advised Movant that he was also giving up civil rights and benefits, such as the right to vote, to hold public office, to sit on a jury, to possess a firearm or ammunition in the future, etc. (Id. at 9-10). Movant advised the Court that he understood that he was giving up those rights and that he had a sufficient amount of time to discuss the consequences of his plea with his attorney (Id. at 10). Next, the Court verified that Movant understood the process by which his guidelines sentencing range would be determined, verified that he understood that parole has been abolished (Id. at 10-11), and verified that Movant had enough time to discuss the case and plea with counsel (Id. at 11), with whom Movant then expressed complete satisfaction (Id.).

The Court then brought Movant's attention to the factual proffer and confirmed Movant's signature on the last page and that Movant read and understood everything contained in the Factual Proffer (Id. at 12). Movant confirmed that he read the proffer and that he had enough time to discuss the Factual Proffer with his attorney (id.). When asked if the facts in the factual proffer were true, Movant stated: "Yes, Your Honor" (Id.). At that point, Movant's counsel stipulated that there was a factual basis for the plea (Id.), at which point the Court asked Movant how he pled to

Count 1 of the Indictment, which charged him with knowingly and intentionally attempting to possess with intent to distribute ethylone (Id.). Movant replied: "Guilty" (id.). The Court then asked Movant how he wished to plea to Count 3 of the Indictment, which charged him with possessing a firearm in furtherance of a drug trafficking crime (Id.). Movant replied: "Guilty" (Id. at 13). Movant further stated to the Court that he was "entering those guilty pleas because [he was], in fact, guilty of those two offenses" (Id.). The Court then accepted Movant's guilty pleas (Id.).

A Presentence Investigation Report was prepared in anticipation of sentencing. The probation officer held Movant liable for 1,992.5 grams of ethylone and thus, based on a 250:1 ratio (grams of marijuana to grams of ethylone), concluded that Movant's base offense level was 26 (PSI, ¶26). The probation officer next found that Movant, who was in Criminal History Category II (Id. at ¶ 39), was entitled to a 3-level reduction for acceptance of responsibility (Id. **at** ¶¶ 33-34). The probation officer thus found that, with a total offense level of 23, Movant's guideline sentencing range was 51 to 63 months as to Count 1, to be followed by 60 months' imprisonment for Count 3. Counsel for Movant then filed a motion for downward departure (CR-DE#32), as well as objections to the PSI (CR-DE#37, 44), and character reference letters (CR-DE#45).

On October 2, 2015, the Court conducted a 1.5 hour sentencing hearing and heard testimony from experts from the Drug Enforcement Administration with respect to the pharmacology and potency of ethylone, the drug imported by Movant. (CR-DE#55). After hearing from two experts who were cross-examined by defense counsel, the Court sustained the United States' objection to the 250:1 ratio recommended by probation and held that "1:500 is the appropriate [ratio]" (Id. at 35). Thus, the Court found that the appropriate

guideline range for Count 1 was 63 to 78 months and that Movant was subject to a mandatory consecutive sentence of 60 months as to Count 3. The Court, after considering the arguments of the parties, the statements of Movant, as well as Movant's age, criminal history, and attempt to cooperate with the government sentenced Movant to a sentence of 42 months' imprisonment as to Count 1 (21 months below the applicable guidelines range and 9 months below the guidelines range advocated by Movant) to run consecutive to the 60 months' sentence required by statute as to Count 3 (Id. at 46). Movant did not appeal his convictions and sentences.

Standard of Review

Pursuant to 28 U.S.C. §2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. §2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. To obtain this relief on collateral review, however, a habeas petitioner must "clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under §2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255; see also Smith v. Singletary,

170 F.3d 1051, 1053 (11th Cir. 1999)("[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" )(internal citations and quotations omitted)). However, the movant in a §2255 proceeding must allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief. Aron v. United States, 291 F.3d 708, 715, n. 6 (11th Cir. 2002). Otherwise, no evidentiary hearing is warranted. Id, 291 F.3d at 714-715 (explaining that no evidentiary hearing is needed when claims are "affirmatively contradicted by the record" or "patently frivolous"); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)(noting that a hearing is not required on claims which are based upon unsupported generalizations or affirmatively contradicted by the record). Moreover, a court need not conduct an evidentiary hearing where the issues can be conclusively decided on the basis of the evidence already in the record, and where the petitioner's version of the facts have already been accepted as true. See, e.g., Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1070 (11th Cir. 2011); Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003); Smith, 170 F.3d at 1054; Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983); Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).

The pleading requirements for a motion to vacate under §2255 apply equally with regard to claims of ineffective assistance of counsel.[1] Conclusory allegations of ineffective assistance of

---

[1] To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both (1) that his counsel's performance was deficient, and (2) that he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "To establish deficient performance, a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." Cummings v. Sec'y for Dep't of Corr., 588 F.3d 1331, 1356 (11th Cir.2009). To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

counsel are insufficient to state a claim. <u>Wilson v. United States</u>, 962 F.2d 996, 998 (11th Cir. 1992); <u>see also</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue). A movant's claims of ineffective assistance of counsel are thus subject to dismissal without a hearing when they "are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991)(citations omitted). The movant in a §2255 proceeding alleging ineffective assistance of counsel must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact which, if proved at a hearing, would entitle him to relief. <u>United States v. Aiello</u>, 900 F.2d 528, 534 (2nd Cir. 1990). Bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability are insufficient to require a hearing or further consideration. <u>See</u> <u>United States v. Robinson</u>, 64 F.3d 403, 405 (8th Cir. 1995); <u>Diaz v. United States</u>, 930 F.2d 832, 834-35 (11th Cir. 2009)(affirming denial of ineffective assistance claim without evidentiary hearing where movant alleged that counsel unilaterally rejected plea offer; record reflected that movant was aware of offer's rejection, and movant's allegation that counsel was ineffective in misadvising movant not to accept offer supported conclusion that offer was discussed).

## Discussion

In <u>Ground One</u>, Movant claims that his guilty plea was unknowing and involuntary because he was unaware of the true nature of the crime.

The question of whether a claim is cognizable on post-conviction review is a threshold issue.  See, Lynn v. United States, 365 F.3d 1225, 1233 (11th Cir. 2004).  "Courts have long and consistently affirmed that a collateral challenge, such as a §2255 motion, may not by a surrogate for direct appeal."  Id. at 1232.  The grounds for collateral attack on final judgments are therefore extremely limited.  A federal prisoner is entitled to relief under §2255 only if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. §2255; Thomas v. Crosby, 371 F.3d 782, 811 (11th Cir.2004).  As such, relief under § 2255 is generally reserved for jurisdictional errors and transgressions of constitutional rights, as well as for fundamental defects which inherently result in a complete miscarriage of justice, and omissions inconsistent with rudimentary demands of fair procedure.  See, Reed v Farley, 512 U.S. 339 (1994); United States v. Addonizio, 442 U.S. 178 (1979); Hill v. United States, 368 U.S. 424 (1962); Lynn, 365 F.3d at 1232-33.

Because a motion to vacate under §2255 is not a substitute for direct appeal, a defendant must advance available challenges to a criminal conviction or sentence on direct appeal, or else the defendant will be procedurally barred from presenting those claims in a §2255 proceeding.  Lynn, 365 F.3d at 1234; see, also, Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)(recognizing that a ground is "available" for direct appeal when its "merits can be reviewed without further factual development").  Absent a showing that a ground of error was unavailable on direct appeal, a criminal defendant wishing to collaterally challenge a procedurally defaulted claim can do so only by demonstrating either 1) cause for not raising the claim on direct appeal and actual prejudice

resulting from the alleged violation, or 2) actual innocence. Lynn, 365 F.3d at 1235-36 (citations omitted).

The voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first raised on direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Umanzor, 617 F.3d 1053, 1060-61 (8th Cir.2010) (where defendant did not move to withdraw guilty plea in district court, he could not challenge voluntariness of plea for first time on direct appeal, and any claim that plea was involuntary needed to be addressed in § 2255 proceedings where factual record could be further developed). Here, Movant failed to move to withdraw his guilty plea in the district court, and further failed to raise the voluntariness of his plea on direct appeal. Therefore, he is barred from challenging the knowing and voluntary nature of his plea for the first time in this proceeding. See Bousley, 523 U.S. at 621; Umanzor, 617 F.3d at 1060-61.

he Court is cognizant that, in Ground Three, *infra*, Movant argues that counsel was ineffective in failing to advise Movant of the consequences of not appealing. This claim could be liberally construed to claim that counsel's alleged ineffectiveness also provides Movant with cause and prejudice for avoiding the procedural bar. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(pro se filings should be liberally construed, and are subject to less stringent pleading requirements); see also Graham v. Henderson, 89 F.3d 75, 79 (2nd Cir. 1996)(when read liberally, a pro se habeas petition "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'")(quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994). However, because Movant's claim of ineffectiveness raised in Ground Three, *infra*, fails for the reasons set forth in the discussion of that claim, Movant cannot use it to overcome the procedural bar. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000)(a claim of

ineffectiveness must be meritorious in order to constitute cause for purposes of establishing the cause-and-prejudice exception to the procedural bar).

Regardless, review of the record reveals that, even if it were not procedurally barred, Movant's claim that his plea was unknowing and involuntary is without merit. A guilty plea is a waiver of substantial constitutional rights, and must therefore be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. Brady v. United States, 397 U.S. 742, 748 (1970). To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). A voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504, 508 (1984).

As set out above, here the Court carefully confirmed during the Rule 11 colloquy that the plea was free from coercion, and that movant understood the nature of the charges and the consequences of his plea. Movant's representations during the plea proceeding, as well as those of his lawyer and the prosecutor, and the findings by the Court when accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988)("[W]hen a defendant makes statements under oath at a plea

10

colloquy, he bears a heavy burden to show his statements were false."); <u>United States v. Lemaster</u>, 403 F.3d 216, 221–22 (4th Cir. 2005)("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). Here, the record conclusively reflects that movant's plea of guilty is in fact lawful in that it was entered in accordance with the applicable constitutional principles.

In <u>Ground Two</u>, Movant claims a due process violation when the trial court failed to recognize that the ethylane guideline is not rationally related to the drug's relation to other drugs and the evidence of quantity is unreliable. Movant similarly failed to raise this claim on direct appeal. Therefore, this claim is also procedurally barred. See <u>Martin v. United States</u>, 81 F.3d 1083, 1084 (11th Cir. 1996) ("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255."). In order to raise his sentencing claim for the first time in this collateral § 2255 proceeding, therefore, Movant must show that any alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" <u>Burke v. United States</u>, 152 F.3d 1329, 1331 (11th Cir. 1998)(*quoting* <u>Reed v. Farley</u>, 512 U.S. 339, 348 (1994)); <u>Ayuso v. United States</u>, 361 F. App'x 988, 991 (11th Cir. 2010) (Movant's sentencing claim was not cognizable under § 2255 where Movant argued that he was improperly sentenced under the Sentencing Guidelines; reasoning that "it is not a constitutional error and does not rise to the level of a miscarriage of justice"). And this Movant cannot do, because

review of the record reveals that his sentencing claim is without merit.

Movant maintains that the Court erred: (1) by applying a 1:500 drug comparison ratio, (2) by applying the U.S.S.G.'s rubric for determining drug quantities, and (3) by applying the Guidelines because they are unconstitutionally vague.

First, the drug quantity and applicable sentencing guidelines were addressed during a lengthy sentencing hearing and Movant, who was represented by two attorneys, lodged an objection to the Court's finding as to the applicable drug quantity ratio. Further, for the purpose of sentencing, the parties agreed that the quantity of ethylone for which Movant should be held accountable was 1,992.5 grams (PSI, ¶ 26), as stipulated in the Factual Proffer (CR-DE#23). There is no support for Movant's contrary claim that the Court determined his base offense level after considering the "content (type and quantity) of eight other purported – but unintercepted, unviewed, and unadmitted to – other packages" (CR-DE#58, p.15). Furthermore, and negating Movant's claim that the Court's findings resulted in a miscarriage of justice, the Court, after finding that the applicable guidelines range was 63 to 78 months as to Count 1, varied down 21 months, thus sentencing Movant considerably below even the 51- to 63-month range for which Movant advocated (See PSI, ¶70; CR-DE#55).

Next, with regard to Movant's argument that the Sentencing Guidelines are unconstitutionally vague, as recently reiterated by the Eleventh Circuit in In re Griffin, 823 F.3d 1350, 1354-55 (11th Cir. 2016), "[t]he Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge." Furthermore: "[t]he limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being

12

vague. The Guidelines do not define illegal conduct: they are directives to judges for their guidance in sentencing convicted criminals, not to citizens at large. Due process does not mandate notice of where, within the statutory range, the guidelines sentence will fall." Id. at 1355. And the Supreme Court has of course recently held that Sentencing Guidelines were not subject to a void for vagueness challenge under Fifth Amendment Due Process Clause for the same reason. Beckles v. United States, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017). Thus, in these circumstances, Movant cannot show that any alleged errors constitute a miscarriage of justice or implicate a fundamental defect in the validity of the district court proceedings, as the law requires. See Ayuso, 361 F. App'x at 991.

In Ground Three, Movant claims ineffective assistance of counsel in failing to advise Movant of the consequences of not appealing.

First, any claim that Movant was not advised that he had a right to appeal is belied by the record. Specifically, the record reflects that Movant was advised by the trial court that he had a right to appeal, and that he could appeal in forma pauperis if he could not afford an attorney. (CR-DE#55, p.47-49). Thus, any claim that counsel failed to advise Movant regarding his right to appeal in general fails because, even assuming counsel did not advise Movant that he had this right, the Court cured any such alleged deficiency at sentencing. See Barker v. United States, 7 F.3d 629, 633-34 (7ᵗʰ Cir. 1993)(finding no ineffective assistance of counsel because any prejudice caused by counsel's misinformation was cured by the district court's thorough examination of defendant at the change of plea hearing).

Moreover, any claim that counsel was ineffective with regard to whether Movant should appeal his sentence based upon the application of the Sentencing Guidelines is similarly without

merit.  Specifically, as set forth elsewhere in this report, there is no basis to conclude that the trial court's calculation of Movant's guideline sentencing range was in error, Movant was sentenced several months below his guideline as requested by defense counsel at the hearing, and there is and was no good-faith basis to challenge the Guidelines on the grounds that they are unconstitutionally vague.  Thus, even accepting Movant's allegations that counsel did not advise him of the consequences of failing to appeal, <u>see</u> <u>Chavez</u>, 647 F.3d at 1070 (evidentiary hearing not warranted when petitioner's factual allegations have already been taken as true); <u>Turner</u>, 339 F.3d at 1274-75 (same), Movant cannot establish that counsel was ineffective in failing to do so.  <u>Strickland</u>, 499 U.S. at 697 (a defendant must establish both deficient performance and prejudice in order to obtain relief on an ineffective-assistance-of-counsel claim).

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)."  Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." <u>Id.</u>  Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Where a §2255 movant's constitutional claims have been adjudicated and denied on the merits by the district

court, the movant must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). Where a §2255 movant's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the movant can demonstrate both "(1) 'that jurists of reason would find it debatable whether the [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th Cir.2001)(<u>quoting</u> <u>Slack</u>, 529 U.S. at 484). "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." <u>Slack</u>, 529 U.S. at 484-85.

Having determined that some of Movant's claims are barred on procedural grounds and that Movant's remaining claims fail on the merits, the court considers whether Movant is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion. After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find debatable the correctness of the court's procedural rulings. The court further concludes that reasonable jurists would not find the court's treatment of any of Movant's remaining claims debatable and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is not warranted. See <u>Miller-El</u>, 537 U.S. at 336-38; <u>Slack</u>, 529 U.S. at 483-84; <u>see</u> <u>also</u> <u>Slack</u>, 529 U.S. at 484-85 (each component of the

§2253(c) showing is part of a threshold inquiry); <u>Rose</u>, 252 F.3d at 684.

Conclusion

Based upon the foregoing, it is recommended that the motion to vacate be DENIED, and that no certificate of appealability be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections with regard to the denial of a certificate of appealability.

SIGNED this 15th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Anthony Felix Fernandez
06005-104
Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521

Jonathan Kent Osborne
US Attorney's Office
HIDTA
11200 NW 20th Street
Suite 101
Miami, FL 33172